IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE:<br><br>AE BICYCLE LIQUIDATION, INC., *et al.*,[6]<br><br>    Debtor.<br><br>THE FINLEY GROUP, INC., solely in its capacity as Plan Administrator for Advanced Sports, Inc.<br><br>    Plaintiff,<br>v.<br><br>Star Leader Trading Limited,<br><br>    Defendant. | CASE NUMBER: 18-80856<br>CHAPTER 11<br><br><br><br><br>ADVERSARY PROCEEDING<br>NO.: _____ |

## COMPLAINT

NOW COMES The Finley Group, Inc. (the "Plaintiff"), acting solely in its capacity as Plan Administrator for Advanced Sports, Inc. (the "Debtor," or collectively with all of the above-captioned debtors, the "Debtors"), by and through counsel, and complains of Star Leader Trading Limited ("Defendant") by alleging and saying the following:

---

[6] The Debtors in this case, along with each Debtor's case number, are: (i) AE Bicycle Liquidation, Inc. (formerly known as Advanced Sports Enterprises, Inc., Case No. 18-80856); (ii) AI Bicycle Liquidation, Inc. (formerly known as Advanced Sports, Inc.), Case No. 18-80857; (iii) Performance Direct, Inc., Case No. 18-80860; (iv) Bitech, Inc., Case No. 18-80858; and (v) Nashbar Direct, Inc., Case No. 18-80859.

## Parties, Jurisdiction and Venue

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. On November 16, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under Chapter 11 of the Bankruptcy Code. On November 21, 2018, the Court entered an order in each Debtor's case jointly administering the Debtors' cases under a single docket.

4. On October 25, 2019, this Court entered an Order [Dkt. No. 1129], confirming the Debtors' First Amended Joint Plan of Liquidation.

5. The Plaintiff is the duly-appointed Plan Administrator for the Debtors under the Confirmed Plan.

6. The Defendant is a Foreign company with its principal place of business at 15/F Boc Group Life Assurance, Tower, 136 Des Voeux Road, Hong Kong .

## General Allegations

7. During the ninety days prior to the Petition Date, the Defendant received payments from the Debtor totaling $171,913.00, as more specifically set forth on Exhibit A (collectively, the "Preference Payments").

8. The Preferences Payments were made on account of invoices or indebtedness owed to the Defendant for goods and/or services previously provided by the Defendant to the Debtor.

9. The Preference Payments were made with the Debtor's funds.

10. During the ninety days prior to the Petition Date, the Debtor was insolvent.

11. The Plaintiff has conducted reasonable due diligence regarding known or reasonably knowable affirmative defenses under 11 U.S.C. § 547(c), and believes that the Defendant holds a partial new value defense under § 547(c)(4), as reflected in Exhibit A. However, the Plaintiff reserves all rights, and to the extent that discovery in this matter establishes that the estimated § 547(c)(4) defense is not valid in whole or in part, the Plaintiff seeks to recovery the entire amount of the Preference Payments.

12. On or about August 19, 2020, the Plaintiff, through counsel, issued a demand letter, seeking payment of the amount of the Preference Payments, less the estimated partial new value defense under 11 U.S.C. § 547(c)(4) (the "Demand Letter"). The Defendant has failed to pay this amount.

13. By the demand letter, the Plaintiff also requested that the Defendant provide any information or evidence of any applicable defense to the avoidability of the Preference Payments. The Defendant failed to provide sufficient proof of such applicable defense. Thus, the Plaintiff has satisfactorily conducted sufficient reasonable due diligence regarding known or reasonably knowable affirmative defenses under 11 U.S.C. § 547(c).

**FIRST CLAIM FOR RELIEF**
Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547

14. Plaintiff incorporates all allegations in the previous paragraphs.

15. The Preference Payments constituted transfers of interests of the Debtor in property.

16. The Preference Payments were made to or for the benefit of the Defendant as a creditor of the Debtor.

17. The Preference Payments occurred on or within ninety (90) days prior to the Petition Date (the "<u>Preference Period</u>").

18. The Preference Payments were made for or on account of an antecedent debt owed by the Debtor to the Defendant before the Payment was made.

19. Pursuant to § 547 of the Bankruptcy Code, the Debtor is presumed to have been insolvent during the Preference Period.

20. The Preference Payments were made while the Debtor was in fact insolvent.

21. The Preference Payments enabled the Defendant to receive more than the Defendant would have received in a chapter 7 liquidation had the Preference Payments not been made and Defendant received payment on its claim to the extent provided by the Bankruptcy Code.

22. Pursuant to § 547(b) of the Bankruptcy Code, the Preference Payments are avoidable.

**SECOND CLAIM FOR RELIEF**
Recovery of Transfers Pursuant to 11 U.S.C. § 550(a)

23. Plaintiff incorporates all allegations in the previous paragraphs.

24. Defendant is the initial transferee of the Preference Payments or the entity for whose benefit such transfers were made.

25. Pursuant to § 550(a) of the Bankruptcy Code, Plaintiff may recover from the Defendant the full amount of the Preference Payments for the benefit of the Debtor's estate.

Wherefore, the Plaintiff prays for the Court to grant the following relief:

1. To avoid and set aside the Preference Payments to the Defendant pursuant to § 547 of the Bankruptcy Code.

2. To grant judgment against Defendant in the amount of $171,913.00 pursuant to § 550 of the Bankruptcy Code, or in such other amount as determined by this Court.

3. To award interest on the judgment amount at the maximum legal rate from the date of the filing of the Complaint until paid, with such recovery being for the benefit of the Debtor's estate pursuant to § 550(a).

4. To grant such further relief as the court may deem just and proper.

Respectfully submitted this the 6th day November, 2020.

**FLASTER/GREENBERG P.C.**
William J. Burnett (PA Bar No. 75975)
(*pro hac vice*)
1835 Market Street, Suite 1050
Philadelphia, PA 19103
(215) 279-9383 Telephone
(215) 279-9394 Facsimile
william.burnett@flastergreenberg.com

## EXHIBIT A

## STAR LEADER TRADING LIMITED
## ADVANCED SPORTS, INC.

*Preferential Transfers:*

| Payment Date | Payment Amount | Allowed Net Value |
|---|---|---|
| 10/5/2018 | $171,913.00 | |
| **TOTAL** | **$171,913.00** | **$0.00** |

**Amount of Judgment Sought**   **$171,913.00**

7873773 v1