IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE:<br><br>AE BICYCLE LIQUIDATION, INC., *et al.*,[1]<br><br>　　Debtor. | CASE NUMBER: 18-80856<br>CHAPTER 11 |
| THE FINLEY GROUP, INC., solely in its capacity as Plan Administrator for Advanced Sports, Inc.<br><br>　　Plaintiff,<br>　　　　v.<br><br>Active Cycles,<br>　　Defendant. | ADVERSARY PROCEEDING NUMBER:<br>20-09022 |
| THE FINLEY GROUP, INC., solely in its capacity as Plan Administrator for Advanced Sports, Inc.<br><br>　　Plaintiff,<br>　　　　v.<br><br>PT Insera Sena,<br>　　Defendant. | ADVERSARY PROCEEDING NUMBER: 20-09028 |
| THE FINLEY GROUP, INC., solely in its capacity as Plan Administrator for Advanced Sports, Inc.<br><br>　　Plaintiff,<br>　　　　v.<br><br>Star Leader Trading Limited,<br>　　Defendant. | ADVERSARY PROCEEDING NUMBER: 20-09037 |

## *EX PARTE* MOTION TO CONTINUE THE PRE-TRIAL HEARING AND REISSUE SUMMONS TO FACILITATE PROPER SERVICE ON FOREIGN ENTITY

NOW COMES The Finley Group, Inc. (the "Plaintiff"), acting solely in its capacity as Plan Administrator for Advanced Sports, Inc. (the "Debtor," or, collectively, with all of the above-captioned debtors, the "Debtors"), and seeks an order extending the deadline to serve the summons and complaint in these matters, and in support thereof state as follows:

---

[1] The Debtors in this case, along with each Debtor's case number, are: (i) AE Bicycle Liquidation, Inc. (formerly known as Advanced Sports Enterprises, Inc., Case No. 18-80856); (ii) AI Bicycle Liquidation, Inc. (formerly known as Advanced Sports, Inc.), Case No. 18-80857; (iii) Performance Direct, Inc., Case No. 18-80860; (iv) Bitech, Inc., Case No. 18-80858; and (v) Nashbar Direct, Inc., Case No. 18-80859.

1. On November 6, 2020, the Plaintiff filed the Complaints in the above-captioned adversary proceedings.

2. The Defendants are China, Indonesia and Hong Kong entities that must be served pursuant to Rule 4(f)(2)(B). This will require the drafting of a Letter Rogatory and application for issuance by this Court, subsequent translation of the Letter, and transmittal to U.S. Department of State. It will then be necessary to translate the pleadings and proof of service. It is anticipated that all of these steps may take six (6) months or more to accomplish.

3. The Plaintiff has filed a motion to authorize Viking Advocates LLC to be employed by Counsel for the Plaintiff to assist in effectuating service on foreign defendants, including the service described above with respect to the Defendants in these matters. The hearing on the motion to employ has been set on tentative basis, with objections due by December 24, 2020. If an objection is filed, the hearing on the motion will occur on January 12, 2021.

4. The summons issued by the Clerk's Office in this adversary proceeding required the Defendant to respond to the complaint "within 30 days after the date of issuance of this summons," provided that service was effectuated by the Defendants within 7 days after issuance.

5. Given the amount of time that is needed to draft a Letter Rogatory, translate pleadings (including the summons itself), and accomplish the other items necessary to properly serve the Defendant, it would be impossible to ever

effectuate service within 7 days of issuance of a summons using the standard language employed by the Clerk's Office.

6. Therefore, the Plaintiff requests that this Court direct the Clerk's Office to reissue the summons in this matter, but with the following modifications:

a. Replace "30 days after the date of issuance of this summons" with "30 days after the date of service of this summons;"

b. Either remove the language relating to notice of a pretrial conference or modify the language to provide for a pretrial conference only after service has been effectuated, in the discretion of the Clerk's Office.

7. The Plaintiff further requests that the pre-trial conference be continued indefinitely, with the hearing to be set by the Court for a date to be determined once the Plaintiff has filed a Certificate of Service establishing that the Complaints have been properly served upon the Defendants.

WHEREFORE, the Plaintiff prays for the Court enter an order:

1. Continuing the pre-trial conference indefinitely, with the hearing to be set by the Court for a date to be determined once the Plaintiff has filed a Certificate of Service establishing that the Complaints has been properly served upon the Defendant;

a. Directing the Clerk's Office to reissue the summons in this matter, but with the following modifications: (a) replace "30 days after the date of issuance of this summons" with "30 days after the date of service of this summons;" and (b) either remove the language relating to notice of a pretrial conference or modify the language

to provide for a pretrial conference only after service has been effectuated, in the discretion of the Clerk's Office; and

    2.    Granting such further relief as the Court may deem just and proper.

Respectfully submitted this the 17th day of December 2020.

        **FLASTER/GREENBERG P.C.**
        William J. Burnett (PA Bar No. 75975)
        (*pro hac vice*)
        1835 Market Street, Suite 1050
        Philadelphia, PA 19103
        (215) 279-9383 Telephone
        (215) 279-9394 Facsimile
        william.burnett@flastergreenberg.com